CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., 111282
RayBallister@cda4access.com
MARK D. POTTER, ESQ., SBN 166317
Mark@potterhandy.com
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
(858) 375-7385; Fax: (888) 422-5191

Attorney for Plaintiff, DAVID BALL

FILED
10 SEP 17 PM 12:56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID BALL,

    Plaintiff,

v.

COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive

    Defendants.

Case No. CV10 6942-GAF (OPx)

COMPLAINT FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990; CALIFORNIA DISABLED PERSONS ACT

**DEMAND FOR JURY**

    Plaintiff DAVID BALL complains of Defendants COUNTY OF RIVERSIDE and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

    **1.** This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access; and failure to amend or introduce policies to accommodate persons with disabilities, along Mission Blvd in Rubidoux, where the Defendants undertook new construction and alterations at the subject locations and failed to comply with the American with Disabilities Act and failed to ensure that these facilities and programs were readily accessible to and useable by individuals with

-1-

1 disabilities.

2. As part of the construction project, the County of Riverside [hereinafter the "COUNTY"] removed long existing designated accessible parking along Mission Blvd in Rubidoux.

3. By removing the existing accessible street parking, the COUNTY failed to maintain in operable working condition those very features of the facilities that are required to be readily accessible to and usable by persons with disabilities.

4. The public streets and sidewalks along Mission Blvd in Rubidoux are facilities owned, operated, controlled and/or maintained by the COUNTY, a governmental and public entity.

5. By undertaking this revitalization project along Mission Boulevard in Rubidoux and removing the existing on street accessible parking that provided access to persons with disabilities and failing to replace it with any accessible parking (thus leaving standard on street parking for the pubic but no accessible on street parking for persons with disabilities), the COUNTY has denied programmatic access to the Plaintiff in violation of the American with Disabilities Act.

6. The COUNTY has acted with deliberate indifference towards the Plaintiff. Not only did the COUNTY have a statutory obligation to comply with the American with Disabilities Act, but the Plaintiff specifically complained to the COUNTY about this very problem and demanded resolution and the COUNTY refused to take action.

7. The COUNTY has denied equal access to Plaintiff based solely on his mobility disabilities in that the COUNTY has knowingly and intentionally refused to comply with the requirements of federal and state law regarding access to public facilities.

**PARTIES:**

8. Plaintiff is a California resident with physical disabilities. As a result of a back injury, he suffers from caudqequina syndrome, which has damaged his legs and ability to walk. He requires and uses various mobility devices, including full leg braces

with locking knees, a walker, scooter, or wheelchair. He also requires a service dog to help with routine tasks. Plaintiff is a person with a disability.

9. Defendant is the COUNTY OF RIVERSIDE, a governmental entity, which owns, operates, controls and maintains the public streets and sidewalk along Mission Blvd in Rubidoux.

10. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a) (3) & (a) (4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

12. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

**VENUE:**

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district

**FACTUAL ALLEGATIONS:**

14. The COUNTY undertook new construction and alterations along Mission

-3-

Complaint

Blvd in Rubidoux. In doing so, it failed to comply with the American with Disabilities Act and failed to ensure that these facilities and programs were readily accessible to and useable by individuals with disabilities.

15. Specifically the COUNTY removed the existing accessible street parking, which had been long used by the Plaintiff. When the COUNTY finished its construction, it failed to reinstall the designated accessible street parking along Mission Blvd in Rubidoux, thus failing to maintain in operable working condition those very features of the facilities that are required to be readily accessible to and usable by persons with disabilities.

16. By undertaking this revitalization project along Mission Boulevard in Rubidoux and removing the existing on street accessible parking that provided access to persons with disabilities and failing to replace it with any accessible parking (thus leaving standard on street parking for the pubic but no accessible on street parking for persons with disabilities), the COUNTY has denied programmatic access to the Plaintiff in violation of the American with Disabilities Act.

17. Furthermore, the COUNTY has acted with deliberate indifference towards the Plaintiff. Not only did the COUNTY have a statutory obligation to comply with the American with Disabilities Act, but the Plaintiff specifically complained to the COUNTY about this very problem and demanded resolution and the COUNTY refused to take action.

18. The Plaintiff has faced the ongoing violation of his civil rights along Mission Blvd in Rubidoux since the completion of the construction project and including on May 18, 2010.

19. By removing and failing to maintain accessible features and refusing to make the parking along Mission Blvd in Rubidoux accessible, the COUNTY has subjected, and is subjecting, Plaintiff to unlawful discrimination and unequal treatment solely on the basis of his physical disability.

20. The Plaintiff personally encountered these violations, which violations

resulted in difficulty, discomfort or embarrassment to the Plaintiff and resulted in the Plaintiff being denied full and equal access required by law.

21. In addition, the Plaintiff's actual knowledge of these violations has dissuaded the Plaintiff from accessing or attempting to access the businesses along Mission Blvd in Rubidoux.

22. The COUNTY is a state governmental entity within the meaning of Title II of the ADA, and, on information and belief, has at least fifty employees.

23. Plaintiff alleges that each of the Defendants was responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

24. Plaintiff is informed and believes, and therefore alleges, that in carrying out each of the acts alleged in this complaint, each of the Defendants acted as the agent for the other Defendants.

25. The COUNTY has known that the parking along Mission Blvd in Rubidoux violated applicable access requirements and standards, but have refused to rectify the violations. Defendants' violations have been knowing and intentional.

I. **FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. 12101 et seq.)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.* and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

28. Additionally, as a government or public program or service, the COUNTY was required to ensure that such programs or services were fully accessible to the Plaintiff who was a qualified person with a disability.

29. Defendant's acts and omissions alleged herein are in violation of the

Complaint

Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.* and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

30. Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

**II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (Cal Civ § 54-54.8)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. The actions of the Defendants have violated and continue to violate the California Disabled Persons Act, Cal. Civ. Code sections 54-54.8, in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled. Additionally, the ADA violations amount to violations of the Disabled Persons Act.

33. The actions of the Defendants were and are in violation of the California Disabled Persons Act, Cal.Civ.Code sections 54 *et. seq.* In addition, Defendants are liable to each Plaintiff for each and every offense for actual damages incurred but in no case less than $1,000 per offense. Plaintiff is also entitled to attorneys' fees.

34. Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

**RELIEF REQUESTED:**

1. Actual and statutory damages.
2. Injunctive relief (but not under Section 55 of the California Civil Code).
3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: September 16, 2010         CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 16, 2010                CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

### CV10- 6942 GAF (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================:

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Central District of California

DAVID BALL

V.

COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **CV10 6942-GAF**
COPY

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR. / MARK D. POTTER
9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385 Fax: (888) 422-5191

an answer to the complaint which is served on you with this summons, within _____21_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK  *Jerry Nafisi*  [SEAL]
MARILYN DAVIS

DATE  1 7 SEP 2010

(By) DEPUTY CLERK

⊛AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
             Date                          *Signature of Server*

                                         123 ANY STREET
                                         _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID BALL

**DEFENDANTS**
COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Riverside County

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
Riverside County

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Raymond G. Ballister, Jr. / Mark D. Potter   SBN 111282 / 166317
Center for Disability Access
9845 Erma Road, Suite 300, San Diego, CA 92131 (858) 375-7385

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
American's With Disabilities Act; California Disabled Persons Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV10 6942

CV-71 (07/05)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Riverside County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Riverside County

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Riverside County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date   09/16/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |