Douglas C. Smith, Esq. (State Bar No. 160013)
dsmith@smitlaw.com
Justin A. Palmer, Esq. (State Bar No. 270857)
jpalmer@smitlaw.com
SMITH MITCHELLWEILER, LLP
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendant
COUNTY OF RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BALL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant. | CASE NO.: CV 10-6942 GAF (OPx)<br>[Assigned to Hon. Gary A. Fees]<br><br>**DEFENDANT COUNTY OF RIVERSIDE'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*Complaint Filed 9/17/10* |

COMES NOW, defendant, COUNTY OF RIVERSIDE, for itself alone and no other defendants herein, and answers the Complaint herein as follows:

　　　1.　With respect to the allegations contained in Paragraph 1 of the plaintiff's Complaint, defendant denies that it failed to provide persons with disabilities the minimum legally required access, and is without sufficient knowledge or information to either admit or deny the remaining allegations in said paragraph.

　　　2.　With respect to the allegations contained in Paragraph 2 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

　　　3.　With respect to the allegations contained in Paragraph 3 of the

Plaintiffs' Complaint, defendant is without sufficient knowledge to either admit or deny the allegations contained in said paragraph.

4. With respect to the allegations contained in Paragraph 4 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

5. With respect to the allegations contained in Paragraph 5 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

6. With respect to the allegations contained in Paragraph 6 of the plaintiff's Complaint, is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

7. With respect to the allegations contained in Paragraph 7 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

8. With respect to the allegations contained in Paragraph 8 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to admit or deny the allegations in said paragraph.

9. With respect to the allegations contained in Paragraph 9 of the plaintiff's Complaint, defendant admits the allegations contained in said paragraph.

10. With respect to the allegations contained in Paragraph 10 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

11. With respect to the allegations contained in Paragraph 11 of the plaintiff's Complaint, defendant admits that the plaintiff is bringing this action under the authority identified. Defendant denies all other allegations contained in said paragraph.

12. With respect to the allegations contained in Paragraph 12 of the plaintiff's Complaint, defendant admits that plaintiff is bringing this action under the

authority identified. Defendant denies all other allegations contained in said paragraph.

13. With respect to the allegations contained in Paragraph 13 of the plaintiff's Complaint, defendant is without sufficient knowledge to either admit or deny the allegations contained in said paragraph.

14. With respect to the allegations contained in Paragraph 14 of the plaintiff's Complaint, defendant is unable to either admit or deny the allegations in said paragraph.

15. With respect to the allegations contained in Paragraph 15 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

16. With respect to the allegations contained in Paragraph 16 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

17. With respect to the allegations contained in Paragraph 17 of the plaintiff's Complaint, defendant denies that it acted with deliberate indifference towards plaintiff, and is without sufficient knowledge or information to admit or deny the remaining allegations in said paragraph.

18. With respect to the allegations contained in Paragraph 18 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to admit or deny the allegations in said paragraph.

19. With respect to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, defendant is without sufficient knowledge or information to admit or deny the allegations in said paragraph.

20. With respect to the allegations contained in Paragraph 20 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to either admit or deny the allegations contained in said paragraph.

21. With respect to the allegations contained in Paragraph 21 of the

1  plaintiff's Complaint, defendant is without sufficient knowledge or information to
2  admit or deny the allegations in said paragraph.
3      22.    With respect to the allegations contained in Paragraph 22 of the
4  plaintiff's Complaint, defendant admits the allegations in said paragraph.
5      23.    With respect to the allegations contained in Paragraph 23 of the
6  plaintiff's Complaint, defendant is without sufficient knowledge or information to
7  admit or deny the allegations in said paragraph.
8      24.    With respect to the allegations contained in Paragraph 24 of the
9  plaintiff's Complaint, defendant is without sufficient knowledge or information to
10  admit or deny the allegations in said paragraph.
11      25.    With respect to the allegations contained in Paragraph 25 of the
12  plaintiff's Complaint, defendant is without sufficient knowledge or information to
13  admit or deny the allegations in said paragraph.
14      26.    With respect to the allegations contained in Paragraph 26 of the
15  plaintiff's Complaint, defendant is unable to admit or deny the allegations in said
16  paragraph.
17      27.    With respect to the allegations contained in Paragraph 27 of the
18  plaintiff's Complaint, defendant denies the allegations in said paragraph.
19      28.    With respect to the allegations contained in Paragraph 28 of the
20  plaintiff's Complaint, defendant denies the allegations contained in said paragraph.
21      29.    With respect to the allegations contained in Paragraph 29 of the
22  plaintiff's Complaint, defendant denies the allegations in said paragraph.
23      30.    With respect to the allegations contained in Paragraph 30 of the
24  plaintiff's Complaint, defendant admits that plaintiff is seeking relief and damages.
25  Defendant denies plaintiff's entitlement to any relief.
26      31.    With respect to the allegations contained in Paragraph 31 of the
27  plaintiff's Complaint, defendant is unable to admit or deny the allegations in said
28  paragraph.

32. With respect to the allegations contained in Paragraph 32 of the plaintiff's Complaint, defendant is without sufficient knowledge or information to admit or deny the allegations in said paragraph.

33. With respect to the allegations contained in Paragraph 33 of the plaintiff's Complaint, defendant denies the allegations in said paragraph.

34. With respect to the allegations contained in Paragraph 34 of the plaintiff's Complaint, defendant admits that plaintiff is seeking relief and damages. Defendant denies plaintiff's entitlement to any relief.

## FIRST AFFIRMATIVE DEFENSE

35. The Complain's allegations, causes of action, and claims are barred because at all relevant times, plaintiff was not excluded from or denied the benefits of services, programs, or activities provided for by defendant.

## SECOND AFFIRMATIVE DEFENSE

36. The Complaint's allegations, causes of action, and claims are barred because defendant alleges that this Court lacks subject matter jurisdiction over this matter because there is no actionable wrong arising under the Americans with Disabilities Act of 1990, codified at 42 U.S.C. Section 12101 *et seq.*

## THIRD AFFIRMATIVE DEFENSE

37. The Complaint's allegations, causes of action, and claims are barred because defendant alleges that this Court lacks pendent and/or supplemental jurisdiction over all claims arising under California law, including, but not limited to, claims under *California Civil Code* Sections 54, 54.1, 54.2, 54.25, 54.3, 54.4, 54.5, 54.6, 54.7, and 54.8.

## FOURTH AFFIRMATIVE DEFENSE

38. The Complaint's allegations, causes of action, and claims are barred because defendant alleges that it is providing alternative methods of access to those areas which are the subject of plaintiff's Complaint which are within defendant's control, and required by law.

### FIFTH AFFIRMATIVE DEFENSE

39. The Complaint's allegations, causes of action, and claims are barred by the applicable statute of limitations, including specifically, but not limited to California *Code of Civil Procedure,* Sections 336, 336a, 337, 337a, 337.1, 337.15, 337.2, 338, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.5, 340.6, 343, 346 and 347; California Civil Code Section 51 et. seq., and 3426.6.

### SIXTH AFFIRMATIVE DEFENSE

40. The Complaint's allegations, causes of action, and claims are barred because defendant's conduct was not unlawful in that defendant complied with and performed any and all applicable obligations imposed by law to the full extent of its responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint is frivolous, and plaintiff filed it without any good faith basis or reasonable cause or belief that a justifiable controversy existed under the facts or law, thus defendants are entitled to its reasonable costs and expenses, including attorney fees, incurred in defending this action, under California *Code of Civil Procedure* Sections 128.5 and 1038, 28 U.S.C. Section 1927, *Federal Rules of Civil Procedure,* Rule 11, and/or other applicable California or federal law.

### EIGHTH AFFIRMATIVE DEFENSE

42. The Complaint's allegations, causes of action, and claims are barred because defendant provided reasonable modifications to accommodate disabled individuals, which include plaintiff.

### NINTH AFFIRMATIVE DEFENSE

43. The Complaint's allegations, causes of action, and claims are barred because any further accommodation made for, or provided to plaintiff would place an undue hardship on defendant's existing resources.

///

### TENTH AFFIRMATIVE DEFENSE

44. The Complaint's allegations, causes of action, and claims are barred because plaintiff is not properly qualified as a "disabled" person under the Americans with Disabilities Act of 1990, codified at 42 U.S.C. Section 12101 *et seq.*, or under the California Disabled Persons Act, codified at California *Civil Code*, Sections 54-54.8

### ELEVENTH AFFIRMATIVE DEFENSE

45. The Complaint's allegations, causes of action, and claims are barred because the services which are the subject of plaintiff's Complaint are readily accessible to and usable by individuals with disabilities under applicable state and federal law.

### TWELFTH AFFIRMATIVE DEFENSE

46. The Complaint's allegations, causes of action, and claims are barred because any further accommodations made for, or provided to plaintiff would threaten the historical significance of the structure as constructed.

### THIRTEENTH AFFIRMATIVE DEFENSE

47. The Complaint's allegations, causes of action, and claims are barred because defendant has provided services and facilities to physically disabled persons that are equal and comparable to services provided to other non-disabled persons.

### FOURTEENTH AFFIRMATIVE DEFENSE

48. The Complaint's allegations, causes of action, and claims are barred because any further accommodation made for, or provided to plaintiff would pose a direct threat to the health and safety of other individuals.

### FIFTEENTH AFFIRMATIVE DEFENSE

49. The Complaint's allegations, causes of action, and claims are barred because the actions taken by defendant were made in good faith.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff is not entitled to prejudgment interest under California *Civil Code*, Section 3291 or other applicable California or federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

51. Without shifting the burden of pleading or proof, the actions of the defendant and/or its agents, servants, and employees were the result of a mistake of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

52. Without shifting the burden of pleading or proof, the actions of the defendant and/or its agents, servants, and employees were the result of a mistake of fact.

## NINETEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's allegations, complaint, causes of action, claims, and/or recovery are barred under the doctrines of res judicata and collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

54. Plaintiff's recovery is barred because at all relevant times, he failed to mitigate his injury and/or damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

55. Plaintiff's recovery is barred as moot because the events and/or issues giving rise to the Complaint, allegations, and/or claims have abated or ended as have any alleged damages or injuries, and/or because there will be no recurrence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

56. Plaintiff's recovery is barred because the instant action is barred by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

57. The Complaint's allegations, causes of action, and claims are barred because defendant provided plaintiff with full and equal access under federal and state law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

58. The Complaint's allegations, causes of action, and claims are barred because plaintiff was not denied equal access to a public facility

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

59. The Complaint's allegations, causes of action, and claims are barred because defendant alleges that plaintiff has waived any and all claims they have made against defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

60. The Complaint's allegations, causes of action, and claims are barred because defendant alleges that plaintiff's prayer for injunctive relief is barred because plaintiff has an adequate remedy at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiffs' recovery is barred because his or her own conduct estops him or her from claiming the damages alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

62. Defendant alleges that plaintiff has failed to state facts or legal claims sufficient to form the basis for an award of attorneys fees in favor of plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

63. The Complaint's allegations, causes of action, and/or claims are barred by failure to file a timely and appropriate California Tort Claim under California *Government Code* Sections 910, 910.2, 910.4, 910.6, 910.8, 911.2, 945.4, and/or similar, related, or superseding provisions.

## THIRTIETH AFFIRMATIVE DEFENSE

64. The Complaint's allegations, causes of action, and/or claims are barred by plaintiff's failure to properly exhaust all administrative remedies, as required under state and federal law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

65. The Complaint's allegations, causes of action, and/or claims are

1 | barred by the applicable statute of limitations under relevant state and federal law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

66. Defendant alleges that at the time of filing this Answer, affirmative defenses may not have been alleged by reason of insufficient facts and information were available after reasonable inquiry. Defendant therefore reserves the right to amend this Answer to allege additional affirmative defenses based upon subsequent discovery of new or different facts or subsequent appreciation of currently known facts.

WHEREFORE, the answering defendants pray:

1. That plaintiffs take nothing by their Complaint herein;
2. For its costs of suit herein, including reasonable attorneys' fees to the extent allowed by law;
3. For such other and further relief as this Court may deem just and proper.

DATED: October 13, 2010            SMITH MITCHELLWEILER, LLP

By _____
Douglas C. Smith
Justin A. Palmer
Attorneys for Defendant
COUNTY OF RIVERSIDE

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as to all the issues framed by the pleadings pursuant to Federal Rule of Civil Procedure 38(b), and Local Rule 38-1.

DATED: October 13, 2010          SMITH MITCHELLWEILER, LLP

By _____
Douglas C. Smith
Justin A. Palmer
Attorneys for Defendant
COUNTY OF RIVERSIDE