CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., 111282
RayBallister@cda4access.com
MARK D. POTTER, ESQ., SBN 166317
Mark@potterhandy.com
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
(858) 375-7385; Fax: (888) 422-5191

Attorney for Plaintiff, DAVID BALL

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2011 DEC 15  AM 10: 30
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BALL,<br><br>       Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; CITY OF JURUPA VALLEY<br><br>       Defendants. | Case No.: CV10-6942-GAF (OPx)<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990; CALIFORNIA DISABLED PERSONS ACT**<br><br>**DEMAND FOR JURY** |

Plaintiff DAVID BALL complains of Defendants COUNTY OF RIVERSIDE and CITY OF JURUPA VALLEY (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

**1.** This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access; and failure to amend or introduce policies to accommodate persons with disabilities, along Mission Blvd in Rubidoux, where Defendant County of Riverside undertook new construction and alterations at the subject locations and failed to comply with the American with Disabilities Act and failed to ensure that these facilities and programs were readily accessible to and useable

-1-

1    by individuals with disabilities.

2        **2.** As part of the construction project, the County of Riverside [hereinafter the

3    "COUNTY"] removed long existing designated accessible parking along Mission Blvd

4    in Rubidoux.

5        **3.** By removing the existing accessible street parking and failing to provide

6    accessible on-street parking among the new public parking provided on Mission Blvd.,

7    the COUNTY failed to comply with Title II of the ADA and failed to maintain in

8    operable working condition those very features of the facilities that are required to be

9    readily accessible to and usable by persons with disabilities.

10       **4.** The public streets and sidewalks along Mission Blvd in Rubidoux were

11   facilities owned, operated, controlled and/or maintained by the COUNTY, a

12   governmental and public entity and are now owned, operated, controlled and

13   maintained by the CITY OF JURUPA VALLEY.

14       **5.** By undertaking this revitalization project along Mission Boulevard in

15   Rubidoux and removing the existing on street accessible parking that provided access

16   to persons with disabilities and failing to replace it with any accessible parking (thus

17   leaving standard on street parking for the pubic but no accessible on street parking for

18   persons with disabilities), the COUNTY has denied programmatic access to the

19   Plaintiff in violation of the American with Disabilities Act.

20       **6.** The COUNTY has acted with deliberate indifference towards the Plaintiff.

21   Not only did the COUNTY have a statutory obligation to comply with the American

22   with Disabilities Act, but the Plaintiff specifically complained to the COUNTY about

23   this very problem and demanded resolution and the COUNTY refused to take action.

24       **7.** The COUNTY has denied equal access to Plaintiff based solely on his

25   mobility disabilities in that the COUNTY has knowingly and intentionally refused to

26   comply with the requirements of federal and state law regarding access to public

27   facilities.

28       **8.** By failing to provide accessible parking on Mission Blvd, the CITY OF

JURUPA VALLEY is violating the programmatic access standards of Title of the American with Disabilities Act.

**PARTIES:**

**9.** Plaintiff is a California resident with physical disabilities. As a result of a back injury, he suffers from caudqequina syndrome, which has damaged his legs and ability to walk. He requires and uses various mobility devices, including full leg braces with locking knees, a walker, scooter, or wheelchair. He also requires a service dog to help with routine tasks. Plaintiff is a person with a disability.

**10.** Defendant COUNTY OF RIVERSIDE is a governmental entity, which owned, operated, controlled and maintained the public streets and sidewalk along Mission Blvd in Rubidoux until July of 2011. Defendant CITY OF JURUPA VALLEY is a governmental entity, which owns, operates, controls and maintains the public streets and sidewalk along Mission Blvd in Rubidoux.

**JURISDICTION:**

**11.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a) (3) & (a) (4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

**12.** Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

**VENUE:**

**13.** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district

**FACTUAL ALLEGATIONS:**

**14.** The COUNTY undertook new construction and alterations along Mission Blvd in Rubidoux. In doing so, it failed to comply with the American with Disabilities Act and failed to ensure that these facilities and programs were readily accessible to and useable by individuals with disabilities.

**15.** Specifically the COUNTY removed the existing accessible street parking, which had been long used by the Plaintiff. When the COUNTY finished its construction, it failed to reinstall the designated accessible street parking along Mission Blvd in Rubidoux, thus failing to provide programmatic access to persons with disabilities.

**16.** By undertaking this revitalization project along Mission Boulevard in Rubidoux and removing the existing on street accessible parking that provided access to persons with disabilities and failing to replace it with any accessible parking (thus leaving standard on street parking for the pubic but no accessible on street parking for persons with disabilities), the COUNTY has denied programmatic access to the Plaintiff in violation of the American with Disabilities Act.

**17.** Furthermore, the COUNTY has acted with deliberate indifference towards the Plaintiff. Not only did the COUNTY have a statutory obligation to comply with the American with Disabilities Act, but the Plaintiff specifically complained to the COUNTY about this very problem and demanded resolution and the COUNTY refused to take action.

**18.** The Plaintiff has faced the ongoing violation of his civil rights along Mission Blvd in Rubidoux since the completion of the construction project and including on May 18, 2010.

**19.** By removing and failing to maintain accessible features and refusing to make the parking along Mission Blvd in Rubidoux accessible, the COUNTY subjected Plaintiff to unlawful discrimination and unequal treatment solely on the basis of his physical disability.

-4-

**20.** The Plaintiff personally encountered these violations, which violations resulted in difficulty, discomfort or embarrassment to the Plaintiff and resulted in the Plaintiff being denied full and equal access required by law.

**21.** In addition, the Plaintiff's actual knowledge of these violations has dissuaded the Plaintiff from accessing or attempting to access the businesses along Mission Blvd in Rubidoux.

**22.** The CITY OF JURUPA VALLEY is currently discriminating against persons with disabilities by failing to provide accessible public parking on Mission Blvd and denying programmatic access to the Plaintiff in violation of the American with Disabilities Act.

**23.** Both the COUNTY and the CITY OF JURUPA VALLEY are governmental entities within the meaning of Title II of the ADA, and, on information and belief, have at least fifty employees each.

**24.** Plaintiff alleges that each of the Defendants was responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.

I.  **FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. 12101 et seq.)

**25.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**26.** Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.* and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

**27.** Additionally, as a government or public program or service, the Defendants are required to ensure that such programs or services are fully accessible to the Plaintiff who was a qualified person with a disability.

**28.** Defendant's acts and omissions alleged herein are in violation of the

-5-

First Amended Complaint                                    CV10-6942-GAF (OPx)

1  Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.* and the
2  regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

3  **29.** Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

4

5  **II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA
    DISABLED PERSONS ACT (Cal Civ § 54-54.8)
6

7  **30.** Plaintiff repleads and incorporates by reference, as if fully set forth again
8  herein, the allegations contained in all prior paragraphs of this complaint.

9  **31.** The actions of the Defendants have violated and continue to violate the
10 California Disabled Persons Act, Cal. Civ. Code sections 54-54.8, in that physically
11 disabled persons are either not provided services and facilities that are provided to other
12 persons, or are provided services and facilities that are not equal to, and are inferior to,
13 the services provided to persons who are not physically disabled.   Additionally, the
14 ADA violations amount to violations of the Disabled Persons Act.

15 **32.** The actions of the Defendants were and are in violation of the California
16 Disabled Persons Act, Cal.Civ.Code sections 54 *et. seq.* In addition, Defendants are
17 liable to each Plaintiff for each and every offense for actual damages incurred but in no
18 case less than $1,000 per offense.  Plaintiff is also entitled to attorneys' fees.

19 **33.** Wherefore, Plaintiff prays for relief and damages as hereinafter stated.

20

21

22

23

24

25

26

27

28

First Amended Complaint                              CV10-6942-GAF (OPx)

**RELIEF REQUESTED:**

    1.  Actual and statutory damages.

    2.  Injunctive relief (but not under Section 55 of the California Civil Code).

    3.  Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 54.3 and Cal. Civ. Proc. § 1021.5.


Dated: November 20, 2011       CENTER FOR DISABILITY ACCESS

                         /s/ mark potter

              By:_____
                         MARK POTTER
                         Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: November 20, 2011       CENTER FOR DISABILITY ACCESS

                         /s/ mark potter

              By:_____
                         MARK POTTER
                         Attorneys for Plaintiff

First Amended Complaint                          CV10-6942-GAF (OPx)

1

2

# PROOF OF SERVICE

3

BALL v. COUNTY OF RIVERSIDE, ET AL.         Case # CV10-6942 GAF (OPx)

4

I, the undersigned, am over the age of eighteen years and am resident of San Diego County,
California; I am not a party to the above-entitled action; my business address is 9845 Erma
Road, Suite 300, San Diego, CA 92131.

5

6

       On December 5, 2011 I served the following document(s):

7

**FIRST AMENDED COMPLAINT**

8

9

Addressed to:
Douglas C. Smith
Smith Mitchell Weiler, LLP
4204 Riverwalk Pkwy., Ste 250
Riverside, CA 92505
(951)509-1356

10

11

12

☑    <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in
the United States mail at San Diego, California.

13

☐    <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a
copy of said documents via facsimile to the listed facsimile number.

14

☐    <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully
prepaid to be placed in the Designated Overnite Express drop box at San Diego,
California.

15

16

☐    <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all
listed recipients via Ace Attorney Services.

17

☐    <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via the United States District Court,
Central District of California's CM/ECF system. I caused the listed documents to be
electronically filed and subsequently emailed to the recipient(s).

18

19

20

       Executed on December 5, 2011 from San Diego, California.

21

I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.

22

23

24

_____
Bryce J. Holewinski

25

26

27

28

PROOF OF SERVICE